FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 APR -1 P 2: 42

R. Ouk
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN T. HARMON,

    Plaintiff,

v.

                                      CIVIL ACTION NO.: CV608-008

DEBBIE CREWS, Clerk,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts Debbie Crews, the Clerk of the Tatnall County Superior Court, has refused to forward his records to the Georgia Supreme Court. Plaintiff also asserts Defendant Crews has delayed answering his motions. According to Plaintiff, Defendant Crews has violated his First Amendment right to access to the courts.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate,

effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87.

Viewing the allegations in the light most favorable to Plaintiff, he fails to establish that Defendant Crews' actions have caused him actual injury to the pursuit of his state habeas corpus proceedings. It is evident from Plaintiff's outline of facts that he has been able to file numerous motions and other pleadings with the Georgia Supreme Court, and there is no indication that Plaintiff has inured any harm due to Defendant Crews' alleged actions. Thus, Plaintiff cannot sustain a cause of action against Defendant Crews.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 31st day of March, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE